1

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

3

4

5

6

7

8

9

10

11

12

13

14

| | |
|---|---|
| **JAMES AND JESSICA JEFFERYS,** individually and on behalf of all others similarly situated,<br><br>    **Plaintiffs,**<br>  **vs.**<br><br><br><br><br><br>**GOOGLE, INC., a California corporation; and DOES 1 through 10, inclusive,**<br><br>    **Defendants.** | **Case No.**<br><br>**CLASS ACTION COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**<br><br>1.  Violations of 18 U.S.C. §§ 1030, *et seq.*<br>2.  Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*<br>3.  Unjust Enrichment<br>4.  Intentional Misrepresentation<br>5.   Negligent Misrepresentation<br><br>**DEMAND FOR JURY TRIAL** |

15

16

17

18

Plaintiffs, JAMES AND JESSICA JEFFERYS ("Plaintiffs") individually and on behalf of all other similarly situated United States residents, bring this complaint against Defendants, GOOGLE, INC., a California corporation; and DOES 1 through 10, inclusive, (collectively "Defendants" or "Google"), and allege as follows:

19

**JURISDICTION**

20

21

22

23

24

25

26

27

1.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the jurisdiction of the Federal Courts over any class action in which any member of the Plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs seek to represent a national class, and more than 2/3 of the members of the putative class are citizens of different states than Google. Plaintiffs are residents of Palm Beach County, Florida.  Plaintiffs allege that the total claims of the individual members of the Plaintiff Class in this action are in excess of

28

---

Class Action Complaint

$5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

2.      Defendant can be considered a citizen of California. Defendant Google, Inc.'s headquarters are in Mountain View, Santa Clara County, California. More than 2/3 of the putative Class are citizens of states other than California. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts and transacts substantial business in this District, and Plaintiffs purchased the subject product of this action in this District.

## PARTIES

4.      Plaintiffs JAMES AND JESSICA JEFFERYS are adult individuals and residents of Palm Beach County, Florida.  Plaintiffs were users of the Google Android phone model MOTA855 that engaged in illegal tracking and recording of Plaintiffs' movements and locations. Such tracking was done without their knowledge or consent and was not in any way disclosed by Defendant GOOGLE, INC.  Plaintiffs purchased the Google Android phone on May 30, 2010, evidenced by the receipt attached hereto and incorporated herein as **EXHIBIT 1.**  Plaintiffs relied on Google, Inc.'s statements and omissions with regard to protecting their privacy and security. Plaintiffs have legitimate privacy and security interests in their locations and reasonably believed this information would not be tracked by Google, Inc., let alone recorded for a year or more.

5.      Defendant GOOGLE, INC. is a Delaware corporation with its principle place of business within Mountain View, Santa Clara County, California.  Google, Inc. conducts substantial business throughout Florida, this District, and throughout the entire United States by advertising and through the extensive use of distribution channels that delver and sell the goods and services to consumers.

6.      Plaintiffs also name Does 1–10 as Defendants in this action, whose names and roles in this controversy have not been presently ascertained.  At all times relevant herein, these Doe Defendants, along with GOOGLE, INC. and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants, and employees of each, and at all times relevant herein, each was acting within the purpose and scope of that agency, service, and employment.

Class Action Complaint

7.      Whenever reference in this Complaint is made to any act or transaction of the Defendant, such allegation shall also include the principals, officers, directors, employees, agents, and/or representatives of Defendant who committed, knew of, performed, authorized, ratified and/or directed such acts or transactions on behalf of Defendant while actively engaged in the scope of their duties.

## GENERAL ALLEGATIONS

8.      Google Android phones, including Plaintiffs' model #A855 are secretly recording and storing details of all their owners' movements.    Plaintiffs are informed and believe and based thereon alleges that the location data is hidden from users but unencrypted, making it easy for Google or third parties to later access.

9.      Google's pattern of conduct in tracking consumers' locations and storing this data was intentional.

10.      This action arises out of Google's failure to inform its consumers of the Android phones that there movements were being tracked and recorded.

11.      All Android Operating System Phones log, record and store users' location based on latitude and longitude alongside a timestamp and unique device ID attached to each individual phone. More specifically, Android Phones log, record and store users' locations based on pairing cell tower and WiFi data in tandem with GPS. The Android Phone has a unique identifier that grabs information and the time of day. The phone stores this information in a file located on the phone. The information is then sent back to Google. Google uses cell-tower triangulation or alternatively, Google may use global positioning system (GPS) data to obtain user location.

12.      Cellular phones using Google's Android Operating System obtain tracking information every few seconds and download the user location data and unique device ID attached to each specific phone to Google computers on a regular basis several times every hour.

13.      Google devices download the user location data to the user's computer when the mobile device synchronizes ("syncs") or shares data with the computer.

14.      The data is unencrypted on the mobile devices and remains unencrypted throughout the transmission process. It is also unencrypted on users' computers that sync with those mobile devices.

Class Action Complaint

15.     Google's Terms of Service do not disclose its extensive tracking of users nor its unique device ID attached to each specific phone.  Plaintiffs and other users did not provide any sort of informed consent to the tracking at issue in this case.

16.     Google's omission of its uniform location tracking policies, practices and procedures was material, as a reasonable consumer has a privacy interest in his or her location and would find it important that a company was recording and storing each location he or she visited in an unencrypted format.

17.     Google collects the location information covertly, surreptitiously and in violation of law.  Plaintiffs and Class members had no reasonable basis to believe every physical location they visited, while carrying their Androids would be monitored by Google and then stored in an unencrypted format.

18.     Google's Androids were created to keep consumers "connected" at all times, and are thus carried by consumers to essentially every location they travel to, making the information collected by Google highly personal and valuable; indeed, in many instances it may be information to which employers and family members are not privy.

19.     Said information concerning consumers' movements is stored unencrypted. The accessibility of the unencrypted information collected by Google places consumers, including Plaintiffs and the Class, at serious risk of privacy and security invasions, including crimes such as theft and stalking.

20.     Plaintiffs and proposed Class members were harmed by Google's accrual of personal location, movement and travel histories because their personal computers were used in ways they did not approve, and because they were personally tracked just as if by a tracking device for which a court-ordered warrant would ordinarily be required.

21.     Plaintiffs bring this action to stop Google's illegal and intrusive scheme of collecting personal location information.

22.     Plaintiffs seek an injunction requiring Google to disable such tracking in its next-released operating system for the relevant devices, which include at least Android phones.

23.     Plaintiffs also seek damages for violation of their and the Class Members' statutory and common law rights.

24.     As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have suffered and/or will suffer irreparable and irreversible damage.  As such, Plaintiffs, on

Class Action Complaint

1   behalf of the Class, seek injunctive relief, compensatory and punitive damages, statutory

2   penalties and restitution for statutory and common law violations of Florida law.

3           25.     An injunction that would, among other things, require Google to reconfigure its

4   software so that users' personal location information is not collected, synced to other computers,

    nor stored in an unencrypted format, is required to protect Plaintiffs and the Class' individual

5   rights for the following reasons:

6           a.   Google knew or should have known that ordinary consumers acting reasonably

7                would not understand the Google privacy policy to include the location tracking

8                and synchronizing at issue in this case.

9           b.   Irreparable injury has resulted and continues to result from Google's unauthorized

10               tracking of millions of Americans.  Once Plaintiffs and the Class began carrying

11               their Google Android phones, Google began tracking their locations. The tracking

                 continues to happen all across the United States. It is unconscionable to allow

12               Google to continue tracking consumers' movements unlawfully and without

13               informed consent. If Google wanted to track the whereabouts of each of its

14               products' users, it should have obtained specific, particularized informed consent

15               such that Google consumers across America would not have been shocked and

16               alarmed to learn of Google's practices in recent days.

17          c.   No adequate remedy at law exists because users of Google products have no way

18               to prevent Google from collecting this information. Even if users disable the

19               Android GPS components, Google's tracking system remains fully functional.

20          d.   Balance of the hardships favors Plaintiffs and the Class because it is easier for

21               Google to stop unlawfully tracking the every move of Americans than it is for

22               individual consumers to circumvent Google's sophisticated tracking programs. To

23               require that Plaintiffs and the Class bear the consequences of Google's deceptive

24               privacy policy and unlawful acquisition of personal location information would be

                 inequitable.

25          e.   The public has an important privacy interest their locations. Without an

26               injunction, the unencrypted tracking information being synced with computers

27               and networked to the internet are unsecured. The public interest would indeed be

28               advanced and in no way disserved by entering an injunction against Defendant.

Class Action Complaint

26.     Plaintiffs also seek an order that Defendant was unjustly enriched as a result of the conduct described herein, and that such funds be disgorged. Because of Google's omissions and concealment, Plaintiffs and Class members conveyed a benefit to Google by purchasing its products, maintaining and purchasing its service and then being tracked everywhere they subsequently traveled. Google appreciated the benefit conferred on it by Plaintiffs in this transaction because it was enriched in the amount Plaintiffs paid for the Android and the monthly service. Plaintiffs are entitled to a refund of the amounts they paid for the Android and monthly service charges due to the fraudulent conduct of Defendants in an amount according to proof.

## CLASS ACTION ALLEGATIONS

27.     The Plaintiffs bring this action on behalf of themselves and proposed plaintiff Class members under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

> **All persons in the United States who purchased or owned a Google Android phone with an Android Operating System between the release of said products for sale by Google and the present. Excluded from the Class are those who purchased the products for resale; members of the federal judiciary and their relatives; and Defendant's officers, directors and employees.**

28.     While the exact number of Class members is unknown to the Plaintiffs at this time, Plaintiffs are informed and believe and based upon such information and belief allege that there are millions of members of the proposed Class. The Class is so numerous that joinder of all members of the Class is impracticable.

29.     This action involves questions of fact common to all Class members because all Class members purchased, own or use Google Androids under uniform Google privacy policies.

30.     This action involves question of law common to all Class members because:

    a.  The Computer Fraud and Abuse Act, violated here, is national in scope and applies to all prospective Class members; and

    b.  Google's privacy invasions have violated Plaintiffs' and Class members' common law rights in uniform ways.

31.     Plaintiffs' claims are typical of those of other members of the Class as there are no material differences in the facts and law underlying the claims of Plaintiffs and the Class and

1 by prosecuting their claims Plaintiffs will advance the claims of Class members.  Plaintiffs have

2 retained counsel competent and experienced in the prosecution of this type of litigation.

3       32.     The common questions of law and fact among all Class members predominate

over any issues affecting individual members of the Class, including but not limited to:

     a.    whether Google obtained and stored Plaintiffs' location information;

     b.    whether Google failed to disclose material terms in its privacy policy regarding its collection of users' location information;

     c.    whether Google intends to market or otherwise exploit users' location information;

     d.    whether the alleged conduct constitutes violations of the laws asserted herein;

     e.    whether Plaintiffs and Class members are entitled to declaratory and injunctive relief;

     f.    whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

     g.    whether Plaintiffs and Class members have sustained consequential loss, and to what measure; and

     h.    whether Google's acts and omissions warrant punitive damages.

      33.     Class treatment of the claims set forth herein is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between Class members and Google, and inconsistent treatment and adjudication of the claims would likely result.

      34.     The litigation and trial of Plaintiffs' claims is manageable.  Google's standardized Terms of Service at issue, Google's uniform deployment of operating systems that track each user in identical ways, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

      35.     Google has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief are appropriate.

Class Action Complaint

36.     Unless a class-wide injunction is issued, Google will continue to commit the violations alleged, and the members of the Class will continue to be tracked, unlawfully surveyed, and potentially endangered.

37.     Google has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

38.     Google's acts and omissions are the direct and proximate cause of damage as described in the following Causes of Action:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
**18 U.S.C. §§ 1030, ET SEQ.**
**(Plaintiffs and Class Members Against All Defendants)**

39.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

40.     By secretly installing software that records users' every move Google has accessed Plaintiffs' computer and Androids, in the course of interstate commerce or communication, in excess of the authorization provided by Plaintiffs as described in the Computer Fraud and Abuse Act (the "Fraud Act") 18 U.S.C. § 1030(a)(2)(C).

41.     Plaintiffs' Androids and those of the Class, are protected computers pursuant to 18 U.S.C. section 1030(e)(2)(B).

42.     Google further violated the Fraud Act by causing the transmission of a program, information, code or command - both in deploying the Android operating systems, and also as a result of the syncing of user handheld devices with their laptop or desktop computers - and as a result caused harm aggregating at least $5,000,000 in value.

43.     Google's actions were knowing or reckless and, as described above, caused harm to Plaintiffs and proposed Class members.

44.     Plaintiffs seek recovery for this loss, as well as injunctive and declaratory relief to prevent future harm.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**FLA. STAT. § 501.201, ET SEQ.**
**(By Plaintiffs and the Class as against all Defendants)**

Class Action Complaint

45.     Plaintiffs repeat and re-allege the allegations set forth above, and incorporate the same as if set forth herein at length.

46.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, *inter alia*, sections 501.201 to 201.213, *Florida Statutes*. The express purpose if the Act is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  § 501.202(2).

47.     Defendants violated Florida's Deceptive and Unfair Trade Practices Act§ 501.201, *et seq.* ("FDUTPA") and similar laws of other States by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

48.     Plaintiffs are "consumers" as defined by the Florida Deceptive and Unfair Trade Practices Act.

49.     Google's Android phone is a "good" within the meaning of the Act and Google is engaged in trade or commerce within the meaning of the Act.

50.     Plaintiffs' subject purchase in this cause was a "consumer transaction" within the scope of the Florida Deceptive and Unfair Trade Practices Act.

51.     Google's unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably under the circumstances and, therefore, violate Section 500.04, *Florida Statutes*.

52.     Defendants' covert use of the unlawful tracking device concealed in its products constitutes deceptive and unfair trade practices.  Defendants intentionally failed to disclose to Plaintiffs and Class members that the Android phones would track and record their every movement and location.

53.     Google knew its privacy terms and conditions policy was, and continues to be, false, deceptive and untrue. Plaintiffs and Class members had no reason to believe their whereabouts would be monitored by Google and stored in an unencrypted format.

54.     Had Plaintiffs and Class members known that Defendants' products would track and record their movements in unencrypted format, they would not have purchased the products from Defendants.

Class Action Complaint

55.     As a direct and proximate result of Defendants' violations of FDUTPA, Plaintiffs and the Class have suffered injury in fact and loss of money or property and suffered economic and non-economic damages as described above in detail and prayed for below.

56.     The damages suffered by the Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Google, as described above.

57.     Therefore, as a direct and proximate result of Defendants' violations of FDUTPA, Plaintiffs and the Class have suffered injury in fact and loss of money or property and suffered economic and non-economic damages as described above in detail and prayed for below.

58.     Pursuant to FLA. STAT. § 501.211(1), Plaintiffs and the Class seek a declaratory judgment and court order enjoining the above described wrongful acts and practices of the Defendant and for restitution and disgorgement.

59.     Additionally, pursuant to Section 501.211(2) and Section 501.2105, Plaintiffs and the Class make claims for damages, punitive damages, attorney's fees and costs.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
#### (By Plaintiffs and Class Members Against All Defendants)

60.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

61.     Plaintiffs and the Class members conferred a benefit on Defendants by purchasing the Google Android phone.

62.     Defendants' omissions and concealment of its intent to use the products to track Plaintiffs' movements induced Plaintiffs to confer said benefit on Defendants.

63.     Defendants have profited from unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiffs and Class members, under circumstances in which it would be unjust for Google to be permitted to retain the benefit.

64.     Specifically, (1) Defendants have complied private information of Plaintiff' whereabouts in unencrypted format *without Plaintiffs' informed consent* and (2) Plaintiffs would not have purchased Defendants' Android phone had they been fully aware of the ramifications of their transaction.

Class Action Complaint

65.     Plaintiffs and Class members do not have an adequate remedy at law against Defendants. Even if users disable the Android GPS components, Google's tracking system remains fully functional.

66.     Plaintiffs and Class members are entitled to restitution of the excess amount paid for the Google Android, over and above what they would have paid if Defendants had disclosed the use of its unlawful tracking device.

67.     Plaintiffs and Class members are entitled to restitution in an amount not less than the purchase price of the Google Android.

68.     Plaintiffs and Class members are also entitled to disgorgement of the profits Defendants derived from the sale of the Google Android phone.

## FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESNTATION
## (By Plaintiffs and Class Members Against All Defendants)

69.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

70.     Google represented to Plaintiffs and Class members that it would not collect information about their every movement and location, and omitted disclosing this to Plaintiffs and the Class.

71.     Google knew its privacy terms and conditions policy was, and continues to be, false, deceptive and untrue. Google omitted the fact that it would track users, and intended for Plaintiffs and Class members to rely on its deceptive statements.

72.     Plaintiffs and Class members had no reason to believe their physical locations could or would be monitored by Google and stored in an unencrypted format.

73.     Google's omission of its location tracking policies, practices and procedures was material, as a reasonable consumer has a privacy interest in his or her location and would find it important that a company was recording each location he or she visited and storing them in an unencrypted format.

74.     Google's fraud is comprised of both the illegal tracking of its users and the concealment of such unlawful activity from its consumers.

75.     Plaintiffs and Class members, acting as ordinary consumers, reasonably relied on Google's representations. Plaintiffs had a right to rely on Google's representations. Plaintiffs' and

Class Action Complaint

Class members' reliance on Google's omissions was a substantial factor in causing their harm. Plaintiffs and Class members were damaged in the amount of money required to purchase Google's products and the monthly service charges on their accounts.

76.     Plaintiffs and the Class seek punitive damages from Google.

77.     Google had and continues to have a duty of good faith, which implicitly includes a duty not to deceive consumers, and also not to conduct this sort of covert digital surveillance on consumers. Google certainly has a duty not to stalk consumers, but that is exactly what Google has done and continues to do.  Google has collected and maintained the location history of Plaintiffs and the Class, in an unprotected format in conscious disregard of the rights, including privacy rights, of the Plaintiffs and Class Members.

78.     To remedy Google's intentional omission to consumers, and omission of clarifying statements during the sales process. Plaintiffs and Class members seek to rescind the contracts, and thereby disgorge all monies paid to Google for these products.

### FIFTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### (Plaintiffs and Class Members Against All Defendants)

79.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

80.     At all times in advertising for and soliciting customers, Google omitted a material fact—that purchasers would be tracked at all times during its sale of Android phones to consumers and that records of the tracking would be maintained and may be maintained indefinitely.

81.     Google was negligent in making the omission because it should have known that whether their every movement would be tracked, recorded, and stored for later use was material to consumers.

82.     Google, in making that omission intended, or expected, that Plaintiffs and Class members would rely on the omission.

83.     Plaintiffs and the Class justifiably relied on Google's omissions about its tracking of purchasers, and would not have purchased Google's products but for the omission. Plaintiffs and the Class were damaged in amounts equal to the price they paid for Google products and their monthly service charges.

Class Action Complaint

84. Google's omissions were material and directly and proximately caused ordinary consumers acting reasonably, Plaintiffs and Class members included, to buy the Android phones. Without Google's omissions of its covert intentions, the Plaintiffs would not have purchased the Android phones and Plaintiffs would not have suffered damages.

85. Plaintiffs seek punitive damages from Google.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, certifying Plaintiffs as representatives of the Class, and designating their counsel as counsel for the Class;

2. For an award of equitable relief as follows:

(a) Enjoining Defendants from making any claims for the goods and services found to violate Florida law as set forth above;

(b) Requiring Defendants to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

(c) Requiring Defendants to disgorge all ill-gotten gains flowing from the conduct described in this Complaint;

(d) Requiring Defendants to immediately cease its wrongful conduct;

(e) Enjoining Defendants' unfair, unlawful and fraudulent conduct;

(f) Requiring Defendants to engage in a corrective notice campaign;

(g) Requiring Defendants to refund to Plaintiffs and all members of the Class the funds paid to Defendants for the Android phones;

3. For an award of attorney's fees and costs;

4. For an award of statutory damages, pursuant to §1708.8(d) of the Civil Code and any other applicable statutes;

5. For an award of damages to be determined at trial;

6. For an award of statutory damages to be determined at trial;

7. For an award of punitive damages to be determined at trial;

8. For pre- and post-judgment interest on any amounts awarded; and

9. For any further legal and equitable relief as this Court may deem just and proper.

Class Action Complaint

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

**DATED: June 7, 2011**           **Respectfully submitted,**

/s/   Brian W. Smith
**Brian W. Smith, Esq.**
Florida Bar No.: 0470510
SMITH & VANTURE, LLP
1615 Forum Place, Suite 4C
West Palm Beach, FL 33401
Bws@smithvanture.com
Phone: (561) 684-6330
Fax: (561) 688-0630

**Howard W. Rubinstein, Esq.**
Fla. Bar No.:  104108
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
PO Box 4839
Aspen, CO, 81612
*howardr@pdq.net*
Phone: (832) 715-2788
Fax: (561) 688-0630


***Trial Attorneys for Plaintiff***

Class Action Complaint